# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 05-CR-0058-03-CVE |
| JUSTIN S. JACKSON, | ) ) ) |
| Defendant. | ) |

## AMENDED[1] OPINION AND ORDER

Now before this Court is defendant's Motion for Relief from Judgment pursuant to Federal Rule 60(b). Dkt. # 198. Defendant claims that he is actually innocent of the crime of possession of a firearm in furtherance of a drug trafficking crime and asks the Court to vacate his conviction and sentence.

Defendant was charged with possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. Dkt. # 20. Pursuant to a plea agreement, defendant pled guilty to both charges. Dkt. # 88. The Court sentenced defendant to a total term of imprisonment of 97 months, imposing 37 months for the methamphetamine offense and 60 months consecutive for the firearm offense. Dkt. # 88. The Court also imposed a period of supervised release of three years for the drug offense and five years for the firearm offense, with the periods running concurrently. Dkt. # 88. Defendant did not file a direct appeal, instead only filing a § 2255 motion rasing claims of ineffective assistance of counsel, Fourth Amendment violations, and Sixth Amendment violations. Dkt. # 94. The Court denied the § 2255 motion. Dkt. # 108.

---

[1] To correct typographical error, paragraph two, line six.

Defendant sought a certificate of appealability, which the Tenth Circuit denied. Dkt. # 119. Defendant subsequently served his sentence and was released, but is currently incarcerated following revocation of supervised release. Dkt. # 196.

In defendant's current motion (Dkt. # 198), he argues for the first time that he is actually innocent of the firearm offense. Defendant asserts that he did not commit each statutory element of the crime when he only possessed, and did not brandish, his firearm during the commission of the crime. First, although defendant labels his claim as one of actual innocence, it is more appropriately characterized as one asserting legal innocence. See Bousley v. United States, 523 U.S. 614, 624 (1998) (explaining that a claim of actual innocence involves factual innocence while legal innocence involves legal sufficiency).

Second, although defendant calls his motion a Rule 60(b) motion, the Court must determine whether defendant's motion is a "true" Rule 60(b) motion or is a second or successive § 2255 motion. Under Tenth Circuit precedent, a Rule 60(b) motion must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Federal Rule of Civil Procedure 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005). To avoid classification as a second or successive § 2255 motion, the Rule 60(b) motion must challenge "some defect in the integrity of the federal habeas process," rather than the "substance of the federal court's resolution of a claim on the merits." Id. at 532. Defendant does not challenge the integrity of the post-conviction process, but, instead, he asserts that he is legally innocent of the offense to which he pled

2

guilty. This is a direct challenge to the validity of his conviction and sentence, and his motion is not a "true" Rule 60(b) motion. Therefore, the Court must treat defendant's motion as a second or successive motion under § 2255.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1216 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)). The Court finds that defendant's motion should be dismissed for lack of jurisdiction, because the motion is a second or successive § 2255 motion and the interests of justice do not require this Court to transfer defendant's motion to the Tenth Circuit. Defendant does not assert any claim that meets the requirements of § 2255(h) for filing a second or successive § 2255 motion, and there is no possibility that a meritorious claim will be lost absent transfer of defendant's motion to the Tenth Circuit.

3

**IT IS THEREFORE ORDERED** that defendant's Motion for Relief under Rule 60(b) of the Federal Rules of Civil Procedure (Dkt. # 198) is construed as a second or successive motion under § 2255 and is **dismissed for lack of subject matter jurisdiction.**

**DATED** this 8th day of September, 2015.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE